**Filed 4/19/96**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————

RANDY LEE WRIGHT; JOHN J. DAVIS, Sr.; JESSE WILLARD; )
THEODORE A. GEORGE; CHAKA MATTHEWS; LIVINGSTON)
PAPSE; ALTON HENDERSON; WINDY MILLS; CHARLES E.  )
JOHNSON; GREGORY L. STADMIRE; RAYMOND DENT;     )
DONNIE YOUNG; DONALD E. WILLIAMS,               )
                                                )
    Plaintiffs,                                 )
                                                )
and                                             )
                                                )
ERNEST G. MOORE,                                )
                                                )
    Plaintiff-Appellant,                        )
                                                )
v.                                              )  No. 95-1332
                                                ) (D.C. No. 94-C-878)
KATHLEEN M. HAWK, Director; PATRICK R. KANE,    )    (D. Colo.)
Regional Director; CALVIN EDWARDS, Former Regional )
Director; WILLIAM PERRILL, Warden,              )
                                                )
    Defendants-Appellees.                       )

———————————

**ORDER AND JUDGMENT**[*]

———————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined unanimously that

oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

Plaintiff Ernest G. Moore and a number of his fellow inmates at the Federal Correctional Institute at Englewood, Colorado, brought this *Bivens* action against Kathleen Hawk, the Director of the Federal Bureau of Prisons, Patrick R. Kane, the North Central Regional Director, Assistant Director Calvin Edwards, and William Perrill, the Warden at FCI Englewood, alleging they were exposed to friable asbestos, toxic waste and lead at FCI Englewood in violation of their rights under the Fifth and Eighth Amendments.  The district court dismissed the claims against Ms. Hawk, Mr. Kane, and Mr. Edwards for lack of personal jurisdiction, and entered summary judgment in favor of Mr. Perrill.  Mr. Moore now challenges these rulings, and also contends the district court abused its discretion by failing to grant his motion to appoint an expert witness, and that the magistrate judge abused his discretion by scheduling a telephone scheduling conference rather than an in-person scheduling conference because Mr. Moore was incarcerated.  We affirm.

**I**

The district court dismissed Mr. Moore's claims against Ms. Hawk, Mr. Kane, and Mr. Edwards because Ms. Hawk and Mr. Edwards reside in Washington, D.C., and Mr. Kane resides in Kansas, and there was no evidence showing theses defendants had the necessary minimum contacts with Colorado.  Specifically, the magistrate judge concluded and the district court agreed there was no indication these defendants had ever "purposefully [availed themselves] of the privilege of conducting activities " in Colorado. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  We find no fault with this conclusion.  Furthermore, even if the district court erred in dismissing Mr. Moore's claims

against Ms. Hawk, Mr. Kane, and Mr. Edwards, these defendants were nevertheless entitled to summary judgment for essentially the same reasons as are discussed regarding Warden Perrill in part II, *post*. Ms. Hawk, Mr. Kane, and Mr. Edwards joined Warden Perrill's motion for summary judgment, and Mr. Moore filed an opposition to the motion.

## II

Mr. Moore contends the district court erred in granting summary judgment in favor of Warden Perrill on his claim Warden Perrill violated his Eighth Amendment rights by exposing him to asbestos. The magistrate initially recommended that the district court deny Warden Perrill's motion as to the asbestos claim. The magistrate concluded there was a genuine issue of material fact whether Warden Perrill violated Mr. Moore's Eighth Amendment rights, by allowing him to be exposed to asbestos while workmen were removing ceiling tiles in a nearby area of the prison. The magistrate recommended that the district court grant summary judgment on Mr. Moore's claims he was exposed to toxic waste, because Mr. Moore never got anywhere near the toxic waste in question, and recommended that the district court grant summary judgment on Mr. Moore's claim he was exposed to lead paint, because there was no evidence of exposure. The district court accepted the magistrate's recommendation with respect to the toxic waste and lead claims, but rejected it as to the asbestos claim, and granted summary judgment in favor of Warden Perrill on all claims.

We have reviewed the record de novo and find no fault with the district court's analysis and conclusion. Mr. Moore responded to the United States' motion for summary judgment with nothing more than conclusory assertions; he presented no evidence sufficient to raise a genuine issue of

material fact. *See, e.g., Setliff v. Memorial Hosp.*, 850 F.2d 1384, 1392 (10th Cir. 1988). Furthermore, our review leads us to agree with the district court's conclusion Warden Perrill took sufficient remedial measures and did not demonstrate deliberate indifference to Mr. Moore's physical well-being.

We also reject Mr. Moore's contention the district court abused its discretion when it denied his motion under Fed. R. Civ. P. 56(f) to continue or deny the United States' motion for summary judgment on the ground Mr. Moore needed to conduct further discovery. *See International Surplus Lines Ins. Co. v. Wyoming Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (denial of Rule 56(f) motion reviewed for abuse of discretion). Furthermore, even if we assume for the sake of discussion that the district court did indeed abuse its discretion, Mr. Moore has not demonstrated that he suffered prejudice. In his brief on appeal, Mr. Moore has not identified a single item of evidence he could have obtained had he been allowed further discovery, nor has he explained how such evidence would have altered the result in this case.

## III

Mr. Moore contends the district court abused its discretion by failing to grant his motion to appoint an expert witness to testify there was friable asbestos and lead paint in his housing unit at FCI Englewood. *See* Fed. R. Evid. 706(a). First, we see no abuse of discretion. Second, such testimony would have been irrelevant. Both the magistrate and the district court accepted Mr. Moore's assertion he was exposed to asbestos at least to some limited degree, and the magistrate correctly concluded that even if there was lead paint at FCI Englewood, Mr. Moore was not exposed

4

to it.  Third, even if we assume for the sake of discussion the district abused its discretion, Mr. Moore has not specifically explained how the error prejudiced him.

Finally, Mr. Moore contends the magistrate judge abused his discretion by scheduling a telephone scheduling conference rather than an in person scheduling conference.  We find no abuse of discretion.

**AFFIRMED.**

**Entered for the Court:**

_____
**WADE BRORBY**
United States Circuit Judge